IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| AUTOHAUS ACQUISITION, INC., | : | |
| d/b/a VICTORY VOLKSWAGEN, | : | |
| Debtor | : | |
| | | |
| LAWRENCE G. FRANK, TRUSTEE | : | JOINT ADMINISTERED TO: |
| IN BANKRUPTCY FOR AUTOHAUS | : | |
| ACQUISITION, INC., d/b/a | : | THREE ARROWS ENTERPRISES, |
| VICTORY VOLKSWAGEN, | : | INC., ET AL |
| Plaintiff | : | |
| | : | CASE NO. 1:09-bk-07161 |
| v. | : | |
| | : | |
| SUSQUEHANNA BANK, | : | |
| Defendant | : | |

## COMPLAINT

TO THE HONORABLE ROBERT N. OPEL, II, BANKRUPTCY JUDGE:

COMES NOW, Lawrence G. Frank, Trustee in Bankruptcy in the above-captioned proceeding, and makes this complaint, respectfully stating in support thereof:

1. Plaintiff is Lawrence G. Frank, the duly appointed, qualified and acting Trustee in Bankruptcy in the above-captioned proceeding, with his place of business at 212 Locust Street, Suite 500, Harrisburg, PA 17101.

2. Defendant is Susquehanna Bank, a Pennsylvania banking institution which has a place of business at 1570 Manheim Pike, Lancaster, PA 17604. It is successor in

interest to Susquehanna Bank, Pa. It is represented in this proceeding by Timothy G. Dietrich, Esquire, and Barley Snyder, LLC, 50 North 5th Street, PO Box 942, Reading, PA 19603-0942.

3. This Court has jurisdiction of the matter pursuant to 28 U.S.C. 157 and 28 U.S.C. 1334. It is a core proceeding. Venue is proper in this district.

4. This complaint is brought pursuant to Section 547(b) of the Bankruptcy Code.

5. A Chapter 11 proceeding was filed in the above case on September 16, 2009.

6. The above case was subsequently converted to a Chapter 7, and the undersigned was appointed Trustee.

7. A judgment note was signed by the Debtor on April 16, 2008 in the original principal amount of Two Million ($2,000,000.00) Dollars and made payable to the Defendant herein.

8. A judgment note was signed by the Debtor on April 16, 2008 in the original principal amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars and made payable to the Defendant herein.

9. The loans evidenced by the above notes were amended by the execution of the First Amendment to Loan Documents dated May 2, 2008.

10. Floor plan loan and security agreements were entered into between the Debtor and Defendant on April 16, 2008 whereby all vehicle inventory was pledged by the Debtor as collateral for the above loans.

11. A UCC-1 financing statement attempting to perfect a security interest in the above collateral was filed by the Defendant on June 22, 2009 in the Corporation Bureau of the Department of State of the Commonwealth of Pennsylvania.

12. Absent the Chapter 11 filing, the above UCC-1 would have given the Defendant a valid first lien and perfected security interest in the above collateral.

13. This complaint is brought pursuant to Section 547(b) of the Bankruptcy Code which reads as follows:

> (b) Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if --

    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor receive payment of such debt to the extent provided by the provisions of this title.

14. This complaint seeks to avoid the aforementioned transfer of an interest of the Debtor in the above collateral on account of the UCC-1 filing of June 22, 2009 because:

(a) It was to or for the benefit of a creditor, to wit, the Defendant herein;

(b) It was for or on account of an antecedent debt owed by the Debtor to the Defendant before the UCC-1 was filed;

(c) It was made while the Debtor was insolvent;

(d) It was made within ninety (90) days of the date of the filing of the petition;

(e) that would enable the Defendant to receive more than the Defendant would receive if the case were a case under Chapter 7, the transfer (UCC filing) had not been made, and the Defendant received payment of its debt to the extent by the provisions of the Bankruptcy Code.

15. The undersigned has received funds from Robert Chernicoff in the amount of $868,073.80 and has deposited

those in the estate checking account. Those were being held in escrow during the Chapter 11 proceeding as proceeds from the sale of vehicles, pending the determination of the status of the Defendant's claim.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant, avoiding the aforementioned UCC-1 filed in the Corporation Bureau of the Department of State of the Commonwealth of Pennsylvania, on June 22, 2009 as a preferential transfer.

RESPECTFULLY SUBMITTED BY:

_/s/Lawrence G. Frank_____
LAWRENCE G. FRANK, ESQUIRE
THOMAS, LONG, NIESEN AND KENNARD
Attorney ID #15619
212 Locust Street, Suite 500
Harrisburg, PA  17101
Ph: (717) 234-7455
Fx: (717) 236-8278
Email: lawrencefrank@earthlink.net

TRUSTEE IN BANKRUPTCY