# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 1:09-bk-07161-RNO |
| | ) Chapter 7 |
| | ) |
| **THREE ARROWS ENTERPRISES,** | ) Bankruptcy Courtroom No. 1 |
| **INC. d/b/a BLACK TIE MOTOR CAR,** | ) Ronald Reagan Federal Building |
| | ) 228 Walnut Street |
| | ) Harrisburg, PA 17101 |
| **Debtor.** | ) |
| | ) July 22, 2010 |
| | ) 10:52 A.M. |

TRANSCRIPT OF MOTION TO IMPOSE AUTOMATIC STAY FILED BY
SUSQUEHANNA BANK (DOCKET 237); ANSWER (243). JOINDER MOTION
FILED BY TRUSTEE (DOCKET 277).
BEFORE HONORABLE ROBERT N. OPEL, II
UNITED STATES BANKRUPTCY JUDGE

**APPEARANCES:**

| | |
|---|---|
| The Trustee: | Thomas, Long, Niesen and Kennard |
| | By: LAWRENCE G. FRANK, ESQ. |
| | 212 Locust Street |
| | Suite 500 |
| | Harrisburg, Pennsylvania 17101 |
| | |
| For Reinhart Partners: | Braverman Kaskey, P.C. |
| | By: DAVID BRAVERMAN, ESQ |
| | One Liberty Place, 56th Floor |
| | Philadelphia, Pennsylvania 19103-7334 |
| | |
| For Susquehanna Bank: | Klehr Harrison Harvey Branzburg LLP |
| | By: WILLIAM HINCHMAN, ESQ. |
| | FRANCIS M. CORRELL, JR., ESQ. |
| | 1835 Market Street, Suite 1400 |
| | Philadelphia, Pennsylvania 19103 |

| | |
|---|---|
| **TRANSCRIPTION SERVICE:** | **TRANSCRIPTS PLUS, INC.** |
| | **435 Riverview Circle** |
| | **New Hope, Pennsylvania 18938** |
| | **Telephone: 215-862-1115** |
| | **Facsimile: 215-862-6639** |
| | **e-mail CourtTranscripts@aol.com** |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

# <u>INDEX</u>

<u>EXHIBITS</u>:                                 <u>Marked</u>   <u>Received</u>

1     Complaint (w/attachments)            6          6

2     Answer to complaint and new matter   6          6

3     Discovery request                    7          28

1          THE COURT:  75, Three Arrows Enterprises, Inc.

2          MR. BRAVERMAN:  Good morning, Your Honor.  David

3  Braverman on behalf of the Reinhart parties.

4          THE COURT:  Good morning.

5          MR. BRAVERMAN:  Good morning, sir.

6          MR. HINCHMAN:  Bill Hinchman for Susquehanna Bank

7  from Klehr Harrison.

8          MR. CORRELL:  Frank Correll on behalf of Susquehanna

9  Bank.

10          THE COURT:  I just want to say I don't care where you

11  stand, but it is important you be near a microphone when you

12  speak otherwise we won't record this, Mr. Hinchman and -- some

13  counsel prefer to be seated, some prefer standing, as long as

14  it's near a microphone, I don't have any preference.

15          MR. FRANK:  Lawrence Frank, I'm the trustee.  I've

16  joined in the motion of Susquehanna Bank, and I'm going to try

17  to stay out of everybody's way unless I'm needed later on.

18          MR. HINCHMAN:  And if -- Your Honor, if you don't

19  mind, I will sit at the table only because I have some exhibits

20  that I need to get to.

21          THE COURT:  Surely.

22          MR. HINCHMAN:  Thank you.

23          MR. BRAVERMAN:  Your Honor, before we present

24  exhibits to the Court, I don't know what else they have in

25  mind.  I would suggest to Your Honor that this is a matter that

1  is readily resolvable as a matter of law on the basis of the

2  pleadings that have been filed.

3         The complaint that we filed in the Delaware County

4  State Court action is of record in this matter.  Attached to

5  that are all of the mortgages and all of the promissory notes.

6         And what this matter boils down to, very simply, is

7  that nondebtors, and there are seven of them, sued a nondebtor

8  bank, Susquehanna Bank, in State Court.

9         In that State Court action, we allege direct harm to

10  the seven nondebtor parties arising out of loans made directly

11  to those seven nondebtor parties, secured by property owned

12  exclusively by those seven nondebtor parties.  And that the

13  debtor has absolutely no interest in the loans, and no interest

14  in the property that secures the loans.

15         We have an action in Delaware County State Court.

16  They filed preliminary objections.  In those preliminary

17  objections, they raise the identical issues that they raised

18  before this Court, among others.  The Delaware County State

19  Court denied that motion.  That is now collateral estoppel and

20  they are collaterally estopped from appearing before the Court

21  today, even though I understand and respect the fact that Your

22  Honor, and Your Honor alone, is the person and entity that

23  decides what is or is not property of the estate; we candidly

24  acknowledge that.

25         But this issue has already been raised.  It's so

1   clear on the face of the documentation that there is really no

2   reason for there to be evidence, or anything other than

3   argument of counsel, which I welcome them to make.  Because the

4   bottom line is they have now confess judgment against these

5   nondebtor parties arising out of the very loans that are the

6   subject of the prior pending action.  They would seek to deny

7   my clients due process of law to raise any issue with respect

8   to the actions that they have brought.

9           THE COURT:  Well, let me just interject.  Mr.

10  Hinchman, when you said you have some exhibits, are you going

11  to -- do you intend to offer testimony in this matter?

12          MR. HINCHMAN:  No, Your Honor.  And I could cut to

13  the chase here.  The only additional exhibits I have is that

14  Your Honor --

15          THE COURT:  Can you just stand a little closer to the

16  microphone?

17          MR. HINCHMAN:  Okay.

18          THE COURT:  Thank you very much.

19          MR. HINCHMAN:  Your Honor, the only additional

20  exhibits that I have is that with the motion, we filed a copy

21  of the complaint.  Your Honor doesn't have the benefit of

22  having the attachments to the complaint which, as you can tell,

23  are extremely voluminous, and opposing counsel made reference

24  to them.

25          I think it would be good for the Court to have those.

1  I don't expect that there would be an objection to that.

2          MR. BRAVERMAN:  None whatsoever, Your Honor.  I'd be

3  delighted for Your Honor to see those things.

4          THE COURT:  Very well.

5          MR. HINCHMAN:  And there are a couple of other

6  documents, all of which I don't think Mr. Braverman would

7  object to.  Again, in order to just educate the Court as to the

8  Delaware County action.  And I did mention this to Mr.

9  Braverman's associate yesterday, so I don't mean to catch you

10  off guard, sir.

11          MR. BRAVERMAN:  Well, I was in Atlanta yesterday --

12          MR. HINCHMAN:  If you haven't had a chance --

13          MR. BRAVERMAN:  -- so nothing got mentioned to me.

14                      (Laughter)

15          MR. HINCHMAN:  And that's what I said, I didn't mean

16  to catch you off guard if you haven't spoken to him.

17          MR. BRAVERMAN:  That's okay.

18          MR. HINCHMAN:  So, sir, the other documents, I would

19  mark the complaint with its attachments as Susquehanna Exhibit

20  1.

21          Susquehanna Exhibit 2 is the answer and new matter

22  that was filed to that complaint.  Again, I don't think Mr.

23  Braverman would have an objection to that.

24          MR. BRAVERMAN:  Not at all.

25          MR. HINCHMAN:  Here's a copy.

1        MR. BRAVERMAN:  Keep it.  Keep it, I don't need more

2   paper.  Thanks.

3        THE COURT:  We're at the age where more paper is not

4   always desired.

5        MR. BRAVERMAN:  It's not a good thing.

6        THE COURT:  I understand.

7        MR. HINCHMAN:  It also means you have to carry it

8   back to your car, which can be difficult.

9        The third document, Your Honor, is the plaintiff's

10  discovery request in the Delaware County action, which is

11  Exhibit 3.  Again, I can't imagine that there's any objection

12  to that.

13       MR. BRAVERMAN:  I don't think that's relevant.  It

14  does not shed any light whatsoever upon whether or not these

15  claims are property of the estate or not.

16       MR. HINCHMAN:  Well --

17       MR. BRAVERMAN:  If Mr. Hinchman is trying to argue

18  through the back door that there are common facts because all

19  the loans were cross collateralized and cross defaulted, and

20  the original default arose out of Susquehanna Bank's fraudulent

21  and negligent --

22       THE COURT:  Well, let me throw a change up at both of

23  you.  Because, to be honest, I -- my understanding of the

24  automatic stay under 362(a) is that generally, it's an action

25  against the debtor or action against the debtor's property.

1        It seems to me the strongest argument, I guess, that

2   Susquehanna Bank has here is that this cause of action, the

3   four-count complaint that was filed in the Delaware County

4   Court of Common Pleas is somehow property of the estate.  I'm

5   not -- I don't have -- I don't think I need to make a finding

6   on that.

7        But hypothetically if I did say it was property of

8   the estate, there's nothing generally that stops a debtor from

9   going out and prosecuting a claim.  It's not -- so, when you

10  say you're seeking to impose the automatic stay, I have to say

11  that I'm having great difficulty accepting the premise.

12       I am familiar with a lot of cases where -- I think we

13  would all agree with this premise.  That the automatic stay is

14  not something that I would impose normally as a court.  I don't

15  enter an order; it's automatic, right?  It happens when an

16  order for relief is entered.

17       There are cases such as Wedgewood Realty where the

18  automatic stay is in place, a movant files a motion for relief

19  from stay, unfortunately clerical errors are made, the relief

20  from stay hearing was not held within 30 days.  And so the stay

21  terminated because of the noncompliance with 362(d) time lines.

22       And I understand in those cases, one might move to

23  reimpose that automatic stay.  I have difficulty with your

24  motion, Mr. Hinchman, that it appears to reimpose, what is in

25  my mind, a stay that never existed.

1      And so I really think of this as an injunctive

2 request.  And that's a pretty high standard, as I understand

3 the law in the Third Circuit: immediate and irreparable harm;

4 balance the harm between the movant and nonmovant; any affect

5 on the public interest, and there's probably a fourth factor

6 that isn't coming to mind.

7      But at base, isn't Mr. Braverman correct that neither

8 Three Arrows nor Autohaus are named parties in the Delaware

9 County action at this point?

10      MR. HINCHMAN:  From a pure form perspective, yes,

11 Your Honor.

12      But I would suggest, Your Honor, that that's really

13 just the result of creative pleading.

14      The fact of the matter is, Your Honor, that -- and I

15 only have two more exhibits that we can deal with later.  But

16 from an argument perspective, it's absolutely abundantly clear

17 that on the debtor's schedules and statements, that Mr.

18 Reinhart, the same individual that controls the debtors, and

19 controls all of these other entities, represented on his

20 schedules and statements before Your Honor that an asset of

21 this estate was the claims against Susquehanna related to the

22 administration of the floor plan loans.

23      Now, if you fast forward and look at the Delaware

24 County action, the declaratory relief that these other -- the

25 Reinhart controlled entities is seeking includes a

1  determination -- a request for the Delaware County court to

2  determine that the floor plan loans, the loans in which the

3  debtors entered into, the default provisions are rendered

4  meaningless.

5      THE COURT:  But even if that's true, why would I, as

6  a bankruptcy judge, want to stay an action against -- I hate to

7  say a solvent defendant -- but against Susquehanna Bank.  I

8  don't see the adversity to the debtor or the estate.

9      Now, Mr. Frank is the Chapter 7 trustee.  He has, of

10 course, a lot of options if -- if, and I'm not -- please I

11 don't want this to be any law of the case.  I'm not making any

12 findings -- and I said it last time on the motion to compel

13 discovery -- that I don't think it is proper for me to make a

14 finding as to whether or not this cause of action of property

15 of the estate at this juncture.  I believe in judicial

16 restraint, and I'll decide issues when they're necessary to

17 dispose of the action.

18      But if it is property of the estate, wouldn't it then

19 be for the trustee to say, well, maybe I want to intervene in

20 the Susquehanna -- pardon me -- the Delaware County action,

21 perhaps I want to take some action against the Reinharts.  But

22 I, again, I -- I just -- you know, you think of <u>Atkins v.</u>

23 <u>Travelers</u>, all the cases.  Stays generally are not applicable

24 to actions brought by a debtor.  So, if you're suggesting to me

25 -- and I'm not necessarily accepting this.  But if you're

1  suggesting that the Reinhart group, if I can use that term,

2  somehow borrowed the estate's cause of action, it's nothing

3  that I would -- obviously I'm not going to condone that, or

4  encourage that.  But if the debtor -- if I would not stay the

5  debtor from bringing the cause of action in the first instance,

6  I don't see, other than on an injunctive basis, how I would

7  stay someone borrowing the cause of action -- and, Mr.

8  Braverman, I fully appreciate -- I think you appreciate I'm

9  just talking hypothetically here.  I appreciate your position

10 that these are -- the four-count complaint in Delaware, in your

11 mind, are the causes of actions of the Reinhart group solely,

12 and that -- and that's -- and I appreciate -- I think I -- at

13 one point in a younger day, I did some State Court work.  So, I

14 appreciate what's it means for a demur to be overruled and that

15 the -- at least the Delaware County case has proceeded to the

16 answer stage, and assume some discovery has commenced.  Am I

17 correct?

18        MR. BRAVERMAN:  You are correct, Your Honor.

19 Although the bank has filed an application for certification

20 for an interlocutory appeal.  But the case is proceeding along,

21 yes, sir.

22        And, by the way, I appreciate Your Honor's comments.

23 I understand that you're speaking hypothetically, saying "even

24 if what Mr. Hinchman is saying is correct, this is your

25 analysis."

1    I would add to the Court that -- you know, I had a

2 hard time getting my brain around the issue, as well.  And Your

3 Honor really cut through it, and I do think that Your Honor is

4 correct.  That effectively, they're asking a Federal Court to

5 enjoin a State Court action.

6    And in that respect, Your Honor, not only do the

7 ordinary injunction standards apply, which Your Honor

8 articulated, but there are more.  If I recall from law school

9 days, there is a case called <u>Dombrowski versus Fister</u>, a

10 Supreme Court case, that deals specifically with State Court --

11 a Federal Court injunction of a State Court action.  And only

12 in the most unusual and compelling circumstances is a Federal

13 Court to intervene in that regard.

14    THE COURT:  And memory doesn't always serve at my

15 age, but I don't think you were here, Mr. Braverman, on the

16 motion to compel discovery.  But I think I did suggest that I

17 try to -- I really believe in cooperative federalism, and I do

18 try to -- I try to give due deference to State Court

19 proceedings.  It's been my experience that most state judges

20 return that courtesy.

21    I said last time that I don't -- this is not at the

22 level of Rooker-Feldman.  But on the other hand, there is some

23 concern that by effectively -- you want to use the term

24 "automatic stay," I keep using the term "injunction/enjoin."

25    In any event, preventing that State Court action from

1  proceeding, I really need -- I need considerable authority and

2  persuasion for that proposition.

3       Mr. Hinchman?

4       MR. HINCHMAN:  If I could speak, Your Honor.  Thank

5  you.

6       I think that when you really dig down into the --

7  both the complaint, the causes of action, and what's really

8  occurred here is that through the process of creative pleading,

9  what Mr. Reinhart has attempted to do is to bring causes of

10  action in State Court in which only he, and these related

11  entities, will be beneficiaries if he were to recover.

12       And that the funds that otherwise would go to him

13  individually would be -- would not be subject to the Bankruptcy

14  Court's administration which, if you look at the gist of the

15  loans and the structure of the loans, there's -- a couple

16  representations, Your Honor, is that we need to wrestle with or

17  figure out a little bit more precisely because it's not really

18  accurate.

19       Most importantly, it's been argued that the debtor

20  has no relationship to the loans that are the subject of the

21  Delaware County action; that's not correct.  Your Honor, if you

22  look at both the September 13th, 2006 loan, the debtor is a

23  guarantor of that loan.  So, ultimately the determination of

24  the facts and circumstances brought by Mr. Reinhart and his

25  entities in the Delaware County action will have a direct

1  impact on whether or not the debtor in bankruptcy has a greater

2  liability or a lesser liability.

3          The asset -- that is an asset of the estate.  That is

4  an issue for which the trustee should be involved.

5          And what has happened to date, because we haven't had

6  the benefit of being before Your Honor, is that somebody else,

7  not the debtor, has taken an asset, a cause of action, a claim

8  that, I agree, Your Honor, properly should be prosecuted by the

9  trustee.

10          THE COURT:  Well, again, I wasn't making a finding,

11  Mr. Hinchman.  I was talking hypothetically --

12          MR. HINCHMAN:  Right.

13          THE COURT:  -- that if it were an estate -- property

14  of the estate, if it were an estate cause of action, then it

15  would seem to me that Mr. Frank has alternatives as far as how

16  to address the situation.

17          But I want to be clear that I was talking only

18  hypothetically.

19          Mr. Frank?

20          MR. FRANK:  Thank you, Your Honor.

21          Without seeming to stick my note in, and this is more

22  for information than anything else.  When I first became

23  trustee in this case and talked to Mr. Chernicoff and read the

24  schedules, and had the meeting of creditors, I contacted Mr.

25  Braverman's office to see if he would agree to represent the

1 estate, as well as the plaintiffs in the Court of Common Pleas

2 action in Delaware County, and the response was no.

3          MR. BRAVERMAN:  I have to tell you, Your Honor, I --

4          MR. FRANK:  Well --

5          MR. BRAVERMAN:  -- don't think you and I spoke about

6 it.

7          MR. FRANK:  Well, it was Mr. Shectman then.

8          MR. BRAVERMAN:  Well --

9          MR. FRANK:  Yes.

10          MR. BRAVERMAN:  -- if you want to remark that request

11 to me, because I don't know anything about that request, number

12 one.

13          And, number two, under certain circumstances, I might

14 consider it.

15          But the fact of the matter is is that the claims we

16 have asserted, and I'm sorry, Larry --

17          MR. FRANK:  That's all right.

18          MR. BRAVERMAN:  -- the claims that we have asserted

19 relate to loans that were made directly to the Reinhart

20 parties.

21          Now, there are certain common facts, and we

22 acknowledge that.  But the existence of common facts does not

23 suddenly transmogrify these claims into property of the estate.

24          THE COURT:  And if I --

25          MR. BRAVERMAN:  So --

1          THE COURT:  And I -- again, I have a lot of cases, so

2   I don't always remember everything.  I thought that Delaware

3   County was a four-count complaint.

4          MR. BRAVERMAN:  It is.

5          THE COURT:  Negligence, breach of fiduciary duty,

6   gross negligence, and deepening insolvency, something along

7   those lines.

8          MR. FRANK:  Right.

9          THE COURT:  Am I --

10          MR. HINCHMAN:  Correct, Your Honor.

11          MR. FRANK:  Yeah, I --

12          THE COURT:  If I'm mischaracterizing because I --

13   again, my memory is not always the greatest.  I still am not

14   seeing -- I'm not seeing what I consider the necessary

15   adversity.  The adversity against these debtors that -- isn't

16   -- is your recovery, Mr. Braverman, sought against Susquehanna

17   Bank in the Delaware County action?

18          MR. BRAVERMAN:  Exclusively.

19          THE COURT:  Are you seeking any damages, or any claim

20   against Three Arrows or Autohaus?

21          MR. BRAVERMAN:  No, sir.  None whatsoever.

22          THE COURT:  Are you seeking any declaratory relief

23   concerning those parties?

24          MR. BRAVERMAN:  No, sir.

25          MR. FRANK:  Your Honor, if I may, what -- the

1  attorney that I normally use to handle litigation for me when

2  I'm trustee has been out of the office with heart problems.

3  And what I'm going to have to do now is either file a complaint

4  myself, or get somebody else in Harrisburg to assess whether a

5  valid cause of action exists.  And if so, file this -- file an

6  adversary proceeding against Susquehanna Bank in the Bankruptcy

7  Court.

8          THE COURT:  Well, now, you -- again, I think you

9  filed a motion -- basically a joinder in Susquehanna's --

10          MR. FRANK:  Right.

11          THE COURT:  -- motion to impose the automatic stay.

12          MR. FRANK:  Right.

13          THE COURT:  Are you changing that position at this

14  point?

15          MR. FRANK:  For --

16          THE COURT:  I'm not sure I'm entirely --

17          MR. FRANK:  For purposes of today, I wanted to be on

18  board as suggesting to the Court that I believe this was an

19  estate cause of action.

20          But, yes, I am also -- assuming I can find somebody

21  that will agree that the case has merit -- file suit here in

22  the Bankruptcy Court against Susquehanna Bank, just on behalf

23  of the estate.  And, again, this is just for purposes of

24  information.

25          Assuming that happens, then we'll have two causes of

1 action, one here in the Bankruptcy Court and one in the

2 Delaware County, same basic cause of action, different

3 plaintiffs. And then we'll have that issue to contend with at

4 that time.

5 THE COURT: And whether there are removal or remand

6 or --

7 MR. FRANK: Correct. I'm basically here to give the

8 Court the benefit of what I'm going, very likely, to do.

9 MR. HINCHMAN: Your Honor, if I could also be heard.

10 The point then being, and the reason why the request for an

11 automatic stay be imposed or reimposed, because I agree with

12 Your Honor that to some extent, the automatic stay is

13 automatically imposed.

14 And what has happened is some other party, i.e., Mr.

15 Reinhart and his related entities, has prematurely taken what -

16 - the asset, which is the cause of action by the trustee, and

17 has asserted it on their own behalf.

18 The problem, Your Honor, is that as each day goes by

19 in the Delaware County action, and the automatic stay could be

20 imposed on an interim basis for a limited period of time, that

21 facts are determined, and positions that are taken by Mr.

22 Reinhart. Mr. Reinhart, the same individual that controls the

23 debtors, which could very well prejudice the debtor in the

24 bankruptcy case.

25 And so Susquehanna's position is -- and for instance

1 -- and the reason why the discovery requests are important,

2 Your Honor, is that Mr. Braverman doesn't want to deal with

3 this. But when you look at it, three-quarters of the requests

4 are all directed towards Three Arrows, the debtors in this

5 bankruptcy case. "Give me everything and anything related to

6 your communications with the debtors." I have them here, we

7 can read them.

8 But it's very obvious that everything in Delaware

9 County is going to relate around the floor plan loans, and the

10 debtor's conduct, and Susquehanna's conduct with the debtor.

11 And as each day goes by, facts are being determined, positions

12 are being taken, which the trustee does not have the benefit of

13 being a part of it at this point.

14 THE COURT: But the trustee --

15 MR. BRAVERMAN: Your Honor --

16 THE COURT: The trustee clearly could ask to be

17 substituted as a party if he feels that he -- or he could --

18 real party in interest, or he could interpled. He has so many

19 options, I'm still not hearing why the State Court action

20 should be stayed, should be stopped in its tracks, Mr.

21 Hinchman.

22 MR. HINCHMAN: And, sir, what I would respectfully

23 suggest is that -- and even from the remarks made by the

24 trustee -- that it will require time on his part in order to

25 retain counsel, to analyze the cause of action, and then to

1  determine exactly what positions he takes in that cause of

2  action.

3       And what I am suggesting to Your Honor is that there

4  is no harm to Mr. Braverman waiting another 60 days or 90 days

5  for the trustee to determine exactly procedurally what they

6  seek to do.

7       But there is harm to the estate, which is the

8  positions taken by that litigation by an individual --

9       THE COURT:  I know Mr. Braverman --

10      MR. HINCHMAN:  -- who hasn't even been retained.

11      THE COURT:  He's chomping at the bit.

12      MR. HINCHMAN:  Well --

13      THE COURT:  And let me -- look, sometimes I'm looking

14  for a middle ground, and I just -- you'd probably both be mad

15  at me.  But it sounds like the trustee wants to talk to you.  I

16  kind of heard that.  And it sounded to me like he may have

17  spoken to someone else in your office, there may have not been

18  a full communication.

19      Would there be any interest in having this matter

20  continued for a brief time to allow for some dialogue?  And I

21  guess I'll ask Mr. Braverman first.

22      MR. BRAVERMAN:  With all due respect, Your Honor, and

23  I appreciate the effort to find middle ground, no way.

24      And here is why:  These loans that are at issue in

25  this case were made directly to nondebtors.  I represent those

1  seven nondebtor parties.  In violation of the prior pending

2  action rules in the Commonwealth of Pennsylvania, this bank has

3  now confess judgment against those seven debtors on those ten

4  or whatever -- $15 million worth of loans.

5          They're now proceeding to try to execute upon my

6  client to enforce those judgments.  We're obviously moving to

7  open and strike them on a variety of different grounds.  But

8  the fact of the matter is, Your Honor, is that Autohaus and

9  Three Arrows, in my humble judgment, have great causes of

10  action against Susquehanna Bank.  They should bring them.

11          But whether they bring them or whether they don't

12  bring them, it has nothing to do with my clients' claims, or

13  the judgments that they have entered, unlawfully in our

14  opinion, against my clients.  We have the due process rights to

15  pursue our claims and to defend them.

16          Now, with respect to the trustee's claims, nothing

17  that I do in the Delaware County State Court action will have

18  any impact whatsoever upon the trustee.  It may have impact

19  upon Susquehanna Bank because it may find that Susquehanna Bank

20  did just what I said they did, all these bad things.

21          And to the extent the trustee can use any of those

22  facts that had been fully litigated, then the bank would be

23  collaterally estopped in favor of the trustee.  So, the trustee

24  can only benefit from my action.

25          If the trustee wants to join my action, there's

1  nothing that can stop him from doing that.  He can file a

2  motion with the Court, or he can file an adversary action here.

3  He can do whatever he wants.

4          He can also talk to me about whether or not somehow I

5  can do it without a conflict with my individual clients who are

6  not the debtor.

7          THE COURT:  And it's rather mundane, but with respect

8  to the exhibits, Mr. Hinchman, I think it was Exhibit 3, said

9  that a number of the discovery requests were actually addressed

10  to Three Arrows and Autohaus.

11          MR. BRAVERMAN:  Not correct, Your Honor.

12          THE COURT:  I just wanted to give you an opportunity

13  to respond to that.

14          MR. BRAVERMAN:  Absolutely false.  They are not

15  addressed to anyone but Susquehanna Bank.

16          The facts -- the factual matters that we seek to

17  investigate with respect to some of those, indeed, relate to

18  the floor plan financing that the bank messed up.  But they are

19  some common facts that exist.  And it's not my fault that the

20  bank cross defaulted and cross collateralized those loans with

21  every other loan that's not in default, which is why we've

22  brought the Delaware County State action.

23          THE COURT:  Time out.  Have -- is it agreed that

24  Susquehanna Exhibit 1, the complaint and attachments, and

25  Susquehanna 2, the answer and new matter, can be admitted into

1  evidence?

2         MR. BRAVERMAN:  Yes, Your Honor.

3         THE COURT:  And --

4         MR. BRAVERMAN:  And I have no objection to you

5  looking at 3, as well.

6         THE COURT:  Can I just look at 3 --

7         MR. BRAVERMAN:  Sure.

8         THE COURT:  -- to determine whether or not -- whether

9  or not the relevancy objection has merit.

10        MR. BRAVERMAN:  Yes, sir.

11        THE COURT:  Do I have 3?

12        MR. HINCHMAN:  Your Honor, if I could address three

13 points?  I keep missing that microphone.  Sorry to make your

14 job more difficult.

15        Sir, again, with regard to the characterization of

16 the loans not having anything to do with the debtors, we really

17 can't miss the point, sir, that -- and I appreciate Mr.

18 Braverman's enthusiasm about his case.  We, of course,

19 respectfully have equal enthusiasm that there are no claims.

20        But the September 13th, 2006 loan, which is

21 attachment 1A to the complaint, sir, includes an Autohaus

22 guarantee of that debt.

23        The March 28th, 2007 loan, which is Exhibit 1C,

24 includes an Autohaus --

25        THE COURT:  Let me just stop you there.

1          MR. HINCHMAN:  Yes, sir.

2          THE COURT:  That seems to me would mean that at some

3    point, Susquehanna Bank may have a claim back against the

4    debtors, but we -- I think we would -- would we agree that that

5    is subject to the automatic stay?

6          MR. HINCHMAN:  You mean Susquehanna's claim, Your

7    Honor.

8          THE COURT:  Yes, if -- if the corporations guaranteed

9    the principal's debt, all that's going to be is an unsecured

10   claim by Susquehanna Bank against the estates.  But it would be

11   subject to the automatic stay, correct?

12         MR. HINCHMAN:  Sir, I don't disagree with that.  But

13   the import is, of course, that Mr. Braverman is asserting

14   claims, which will determine facts, which will conclude the

15   liability of the -- a debt that's guaranteed by the debtor.  It

16   is a matter that is before the Delaware County Court.

17         MR. BRAVERMAN:  It will not, Your Honor.  It will

18   determine facts as to the parties to the action; Susquehanna

19   Bank.  They want so desperately to avoid that determination of

20   facts that they have filed P.O.'s in the State Court action

21   raising the identical issues.  Filed an application for

22   interlocutory appeal certification.  Filed discovery in this

23   Court.  And have now filed a motion to impose the automatic

24   stay.

25         THE COURT:  Well, Mr. Hinchman said he had three

1  points, though.

2           MR. HINCHMAN:  Yeah.

3           THE COURT:  That was the first one.

4           MR. HINCHMAN  That was the first, Your Honor.

5           THE COURT:  Okay.

6           MR. HINCHMAN:  I may lose track, I will try to keep

7  track here.

8           The second one is with regard to the discovery

9  request, Your Honor.  Beginning at Item Number 14, and I'll be

10  precise in my characterization of these.  Virtually every

11  discovery request from Item 14, which has A through J as

12  subparts, through Item 25 are all directed to the duties,

13  responsibilities, communications, and all -- everything having

14  to do with the floor plan loans, which is the same cause of

15  action that was represented by Mr. Reinhart on his schedules

16  and statements as being an asset of the bankruptcy estate.

17           THE COURT:  Well --

18           MR. HINCHMAN:  So, they're directed to --

19           THE COURT:  Well, let me just -- for example, just --

20  let me read into the record plaintiff's request 16.

21           MR. HINCHMAN  Um-hum.

22           THE COURT:  "The bank's" -- and I assume that the

23  bank is a defined term, Susquehanna Bank -- "entire file

24  concerning Autohaus loan two, including any guarantees,

25  mortgages, security agreements, and/or other contracts executed

1 in connection with said loan, along with documents concerning

2 the collateral securing the loan.

3       "17, the bank's entire file concerning the Three

4 Arrows loan, including any guarantees, mortgages, security

5 agreements, and/or other contracts executed in connection with

6 said loan, along with documents concerning the collateral

7 securing the loan."

8       I take it that these are catch phrases.  You know,

9 it's a way to refer to the Autohaus loan and the Three Arrows

10 loan.  But to me, the discovery request, Mr. Hinchman, is

11 addressed to your client.

12       MR. HINCHMAN:  Correct.

13       THE COURT:  To Susquehanna Bank.  And I thought you

14 were representing to me earlier that there are discovery

15 requests directed to Three Arrows, Inc. or to Autohaus, Inc.

16 And I'm -- I'll tell you, sir, I'm not seeing that.

17       MR. HINCHMAN:  No, that --

18       THE COURT:  I'm not seeing that at first blush.

19       MR. HINCHMAN:  I agree, Your Honor.  And what --

20 what --

21       THE COURT:  What was your point earlier?

22       MR. HINCHMAN:  My point earlier, Your Honor, is that

23 the central argument, the central set of facts, and the central

24 dispute in all of the counts is the alleged negligence of

25 Susquehanna in administering the floor plan loans, the floor

1  plan loans that were entered into with the debtor.  And that

2  the counts that are in the complaint are just derivative of a

3  finding of negligence on the administration of the floor plan

4  loans so that the discovery request illustrate the fact that

5  the real gravamen of all of the allegations that have been made

6  center back to the floor plan loans, which are the loans

7  entered into between the debtor and the bank.  That was my

8  point, Your Honor, is that they illustrate the connection and

9  the dependence upon these causes of action with that

10  relationship.

11         THE COURT:  I understand your position.  And there

12  was a third point, Mr. Hinchman?

13         MR. HINCHMAN:  The third point, Your Honor, was only

14  that I think Mr. Braverman made the representation that they've

15  moved to open and/or strike the confess judgments.  My --

16         MR. BRAVERMAN:  I said we're doing that.

17         MR. HINCHMAN:  Well, I just wanted to be clear about

18  that.

19         MR. BRAVERMAN:  Exactly when will we --

20         MR. HINCHMAN:  Because I believe the 30 days has

21  expired to do it, but I just wanted everyone to be clear that

22  as of today, that has not occurred.

23         MR. BRAVERMAN:  Then I suppose you'll tell the courts

24  that you have filed those confess judgments that somehow I'm

25  untimely.

1    THE COURT:  And just as a housekeeping matter, I'm

2  going to overrule the objection to the Susquehanna 3 and admit

3  it into evidence.

4    MR. BRAVERMAN:  Yes, sir.  If I can comment just for

5  a second on that.

6    THE COURT:  Yes, sure.  I think we're nearing

7  conclusion here, but --

8    MR. BRAVERMAN:  Yes, sir.  Yes, sir.  And I'm

9  probably unwise for even saying this.  But the request for

10  production of documents says on the front page that it is a

11  "Request for production of documents upon defendant,

12  Susquehanna Bank."

13    And it goes further to say that, "The bank is

14  required to produce for copying or inspection all of the

15  respective documents."

16    You go then, Your Honor, to Page 2, which has the

17  definitions.  And starting on Page 5 -- I'm sorry -- Paragraph

18  5, it identifies a series of loans through Number 11.

19    With one exception, each and every one of those

20  relates to a loan directly made to nondebtor parties, the

21  Reinhart parties.

22    The loans are defined collectively in Paragraph 12.

23  And then if Your Honor sees, the first 14 requests for

24  production of documents relate to the other loans.

25    And then, of course, 15, 16, whatever, relate to the

1 loans to Autohaus.

2          But the fact of the matter is is that there was a
3 cross default provision, the bank relied upon that cross
4 default provision in asserting claims against my client.  My
5 clients have brought the action, it's independent of the
6 debtor.  The debtor is represented by a trustee, more than
7 competent, knows exactly what to do and how to do it.

8          And with all due respect, it would be in violation of
9 my client's due process rights to enjoin the State Court action
10 from proceeding.

11          That's all I have to say, Your Honor.  Thank you very
12 much for your time and I apologize if I was overly exuberant.

13          THE COURT:  Nothing to apologize for.

14          MR. HINCHMAN:  I have nothing else, Your Honor.

15          THE COURT:  Okay.

16                         (Pause)

17          THE COURT:  So, I consider this morning the motion of
18 Susquehanna Bank to impose the automatic stay with respect to a
19 pending State Court action which is pending in the Court of
20 Common Pleas of Delaware County, I think I -- I think it's
21 clear from the record that it is a four-count complaint.  I'm
22 not going to repeat the characterization I gave of the cause of
23 action.  I think they included negligence -- gross negligence,
24 breach of fiduciary duty and deepening insolvency.

25          I did review the State Court complaint.  I have very

1 quickly, candidly, perused the attachments, which have been --

2 are part of Susquehanna Bank Exhibit 1. I did look briefly at

3 the answer and new matter, as well as the plaintiff's discovery

4 request.

5      I note that the caption of the Delaware County action

6 does not include either Three Arrows, Inc. or Autohaus, Inc. as

7 a named party, either plaintiff or defendant.

8      In my dialogue with Mr. Hinchman, I questioned

9 whether this is really a case where the automatic stay would

10 have stopped an action against Susquehanna Bank in the first

11 place. To me, when you read 362(a) of the Bankruptcy Code --

12 which, of course, I've managed to bury -- 362(a)(1) says that

13 the automatic stay operates as a stay applicable to all

14 entities of the commencement or continuation, including the

15 issuance or employment of process of a judicial, administrative

16 or other action or proceeding against the debtor that was, or

17 could have been, commenced before the commencement of the case

18 under this title, or to recover a claim against the debtor that

19 arose before the commencement of the case under this title."

20      And I try not to put my inflection on -- against the

21 debtor, which is mentioned twice in that subsection.

22      But I believe that the case law is clear that actions

23 -- I fan action was brought by a debtor during the pendency of

24 the case, and we see this quite often, even in a simple

25 consumer case. The debtor has a prepetition cause of action.

1 A personal injury claim, a lender liability claim, whatever it

2 is.  The debtor goes ahead and -- maybe if there's a trustee

3 involved, it's the trustee.  But they're able to prosecute

4 their cause of action.

5         So, I guess I -- initially I do not find that there

6 was any automatic stay that prohibited the Delaware County

7 action.

8         So, then I say, well, there must be some other way to

9 characterize the relief that Susquehanna Bank is requesting.

10 And I view it as injunctive relief.  We obviously have a

11 pending State Court action that's a -- it's a moving status

12 quote, but it is a status quo.  And as Mr. Braverman correctly

13 indicated, there are some notions of federalism and due

14 deference to a state forum that I think have to be concerned.

15 Let me not get ahead of myself.

16         An injunctive proceeding generally under Federal

17 Bankruptcy Rule 7017 should be brought as an adversary

18 proceeding by a complaint and summons.  And in the Eastern

19 District, the Bankruptcy Court in In Re: Williams, 346 B.R.

20 361, a Judge Fox decision, 2006 so held.  I guess I could say,

21 well, it wasn't raised, the fact that this was brought as a

22 motion, rather than an adversary wasn't raised.  So, maybe it's

23 waived.

24         I am a judge that is -- tries to be protective of all

25 parties' due process rights.  I think if we're not charged to

1  do that, I wonder what am I charged to do.

2          And particularly when it's injunctive relief, there

3  are so many concerns that you may not have actual service, and

4  you're talking about possibly subjecting someone to contempt of

5  court for violating an order.

6          So, I think we definitely want to make sure we have

7  all the T's crossed as far as every formality, and service, and

8  making sure that the parties have an opportunity to appear.

9          In this case, I think the Reinharts are well

10  represented.  The Reinhart groups are well represented this

11  morning.

12          So, I guess at the end of the day, I will look beyond

13  -- I will look to the substance of the relief requested.

14          I characterize it as a request for injunctive relief.

15  And I often look at an order case, the Wedgewood Realty Group,

16  which is reported at 878 F. 2d 693, Third Circuit, a case in

17  1989.  And Judge Rosenn -- and it was a case where there was an

18  automatic stay in place, garden variety mortgage foreclosure

19  action, as I recall.  The stay lapsed because they didn't have

20  the hearing within the 30 days.  And then the debtor sought to

21  reimpose the automatic stay.

22          And Wedgewood says that really it is a request for

23  injunctive relief.  And the general standards are the movant

24  has the burden of demonstrating a substantial likelihood of

25  success on the merits, irreparable harm to the movant, the harm

1   to the movant outweighs the harm to the nonmovant. And that

2   injunctive relief would not violate public interest.

3         On those standards, I am denying the motion of

4   Susquehanna Bank, which I treat as a motion for injunctive

5   relief.

6         I cannot find that there's a substantial likelihood

7   of success on the merits.

8         Also, I suppose I could treat the relative harm to

9   the parties -- I don't even know if I can treat that as

10   neutral, frankly. It seems to me the harm to the Reinharts,

11   that they have what appears to be a -- they have a pending

12   State Court action. And they have -- I still think one has

13   rights to proceed with what, at least at the preliminary

14   objection stage, the Delaware County court said is a valid

15   cause of action. Now, I don't want to go any further than

16   that.

17         Also, I do think that it may not be -- Factor 4, it

18   may not be effect on the public interest in the sense of

19   enjoining a First Amendment activity or common things, but I

20   think for me to effectively enjoin a State Court proceeding

21   does have some -- at least tangential effect on the public

22   interest.

23         So, I will enter an order consistent with this --

24   these ramblings which I'll treat as my findings and conclusions

25   pursuant to Federal Bankruptcy Rule 7052, and I will deny the

1  motion to reimpose the automatic stay.

2           MR. BRAVERMAN:  Thank you, Your Honor.

3           MR. HINCHMAN:  Thank you, Your Honor.

4           THE COURT:  I appreciated your arguments this

5  morning, gentlemen.

6           MR. HINCHMAN:  Thank you.

7      (Whereupon, at 11:33 A.M., the hearing was adjourned.)

8                        CERTIFICATE

9

10      I certify that the foregoing is a correct transcript from

11  the electronic sound recording of the proceedings in the

12  above-entitled matter.

13

14

15   /s/  Karen Hartmann     AAERT CET**D0475 Date: July 28, 2010

16  TRANSCRIPTS PLUS, INC.

17

18

19

20

21

22

23

24

25

**$**
**$15-** 21:4

**/**
**/S/-** 34:15

**1**
**1-** 6:20 22:24 30:2
**11-** 28:18
**11:33-** 34:7
**12-** 28:22
**13**TH**-** 13:22 23:20
**14-** 25:9,11 28:23
**15-** 28:25
**16-** 25:20 28:25
**17-** 26:3
**1989-** 32:17
**1A-** 23:21
**1C-** 23:23

**2**
**2-** 6:21 22:25 28:16
**2006-** 13:22 23:20 31:20
**2007-** 23:23
**2010-** 34:15
**25-** 25:12
**28-** 34:15
**28**TH**-** 23:23
**2D-** 32:16

**3**
**3-** 7:11 22:8 23:5,6,11 28:2
**30-** 8:20 27:20 32:20
**346-** 31:19
**361-** 31:20
**362A-** 7:24 30:11
**362A1-** 30:12
**362D-** 8:21

**4**
**4-** 33:17

**5**
**5-** 28:17,18

**6**
**60-** 20:4
**693-** 32:16

**7**
**7-** 10:9
**7017-** 31:17
**7052-** 33:25
**75-** 3:1

**8**
**878-** 32:16

**9**
**90-** 20:4

**A**
**ABLE-** 31:3
**ABSOLUTELY-** 4:13 9:16 22:14
**ABUNDANTLY-** 9:16
**ACCEPTING-** 8:11 10:25
**ACCURATE-** 13:18
**ACKNOWLEDGE-** 4:24 15:22
**ACTION-** 4:4,9,15 5:6 6:8 7:10,24, 25 8:2 9:9,24 10:6,14,17,20,21 11:2,5,7 12:5,11, 25 13:7,10,21,25 14:7,14 15:2 16:17 17:5,19 18:1,2,16,19 19:19,25 20:2 21:2,10,17,24,25 22:2,22 24:18,20 25:15 27:9 29:5, 9,19,23 30:5,10, 16,23,25 31:4,7, 11 32:19 33:12,15
**ACTIONS-** 5:8 10:24 11:11 30:22
**ACTIVITY-** 33:19
**ACTUAL-** 32:3
**ADD-** 12:1
**ADDITIONAL-** 5:13, 19
**ADDRESS-** 14:16 23:12
**ADDRESSED-** 22:9, 15 26:11
**ADJOURNED-** 34:7
**ADMINISTERING-** 26:25
**ADMINISTRATION-** 9:22 13:14 27:3
**ADMINISTRATIVE-** 30:15
**ADMIT-** 28:2
**ADMITTED-** 22:25
**ADVERSARY-** 17:6 22:2 31:17,22
**ADVERSITY-** 10:8 16:15
**AFFECT-** 9:4
**AGAINST-** 5:4 7:25 9:21 10:6,7, 21 16:15,16,20 17:6,22 21:3,10, 14 24:3,10 29:4 30:10,16,18,20
**AGE-** 7:3 12:15
**AGREE-** 8:13 14:8, 25 17:21 18:11 24:4 26:19
**AGREED-** 22:23
**AGREEMENTS-** 25:25 26:5
**AHEAD-** 31:2,15
**ALLEGATIONS-** 27:5
**ALLEGE-** 4:9
**ALLEGED-** 26:24
**ALLOW-** 20:20
**ALONE-** 4:22
**ALTERNATIVES-** 14:15
**AMENDMENT-** 33:19
**AMONG-** 4:18
**ANALYSIS-** 11:25
**ANALYZE-** 19:25
**AND/OR-** 25:25 26:5 27:15
**ANSWER-** 6:21 11:16 22:25 30:3
**APOLOGIZE-** 29:12, 13
**APPEAL-** 11:20 24:22
**APPEAR-** 32:8
**APPEARING-** 4:20
**APPEARS-** 8:24 33:11
**APPLICABLE-** 10:23 30:13
**APPLICATION-** 11:19 24:21
**APPLY-** 12:7
**APPRECIATE-** 11:8, 9,12,14,22 20:23 23:17
**APPRECIATED-** 34:4
**ARGUE-** 7:17
**ARGUED-** 13:19
**ARGUMENT-** 5:3 8:1 9:16 26:23
**ARGUMENTS-** 34:4
**ARISING-** 4:10 5:5
**AROSE-** 7:20 30:19
**ARROWS-** 3:1 9:8 16:20 19:4 21:9 22:10 26:4,9,15 30:6
**ARTICULATED-** 12:8
**ASSERTED-** 15:16, 18 18:17
**ASSERTING-** 24:13 29:4
**ASSESS-** 17:4
**ASSET-** 9:20 14:3, 7 18:16 25:16
**ASSOCIATE-** 6:9
**ASSUME-** 11:16 25:22
**ASSUMING-** 17:20, 25
**ATKINS-** 10:22
**ATLANTA-** 6:11
**ATTACHED-** 4:4
**ATTACHMENT-** 23:21
**ATTACHMENTS-** 5:22 6:19 22:24 30:1
**ATTEMPTED-** 13:9
**ATTORNEY-** 17:1
**AUTHORITY-** 13:1
**AUTOHAUS-** 9:8 16:20 21:8 22:10 23:21,24 25:24 26:9,15 29:1 30:6
**AUTOMATIC-** 7:24 8:10,13,15,18,23 12:24 17:11 18:11,12,19 24:5, 11,23 29:18 30:9, 13 31:6 32:18,21 34:1
**AUTOMATICALLY-** 18:13
**AVOID-** 24:19

**B**
**BACK-** 7:8,18 24:3 27:6
**BALANCE-** 9:4
**BANK-** 3:6,9,16 4:8 8:2 10:7 11:19 16:17 17:6, 22 21:2,10,19,22 22:15,18,20 24:3,

10,19 25:23
26:13 27:7 28:12,
13 29:3,18 30:2,
10 31:9 33:4
**BANK'S-** 7:20
25:22 26:3
**BANKRUPTCY-** 10:6
13:13 14:1 17:6,
22 18:1,24 19:5
25:16 30:11
31:17,19 33:25
**BASE-** 9:7
**BASIC-** 18:2
**BASIS-** 4:1 11:6
18:20
**BECAME-** 14:22
**BEGINNING-** 25:9
**BENEFICIARIES-**
13:11
**BENEFIT-** 5:21
14:6 18:8 19:12
21:24
**BETWEEN-** 9:4 27:7
**BILL-** 3:6
**BIT-** 13:17 20:11
**BLUSH-** 26:18
**BOARD-** 17:18
**BOILS-** 4:6
**BORROWED-** 11:2
**BORROWING-** 11:7
**BOTH-** 7:22 13:7,
22 20:14
**BOTTOM-** 5:4
**BR-** 31:19
**BRAIN-** 12:2
**BRAVERMAN-** 3:2,3,
5,23 6:2,6,11,13,
17,23,24 7:1,5,
13,17 9:7 11:8,
18 12:15 15:3,5,
8,10,18,25 16:4,
16,18,21,24 19:2,
15 20:4,9,21,22
22:11,14 23:2,4,
7,10 24:13,17
27:14,16,19,23
28:4,8 31:12 34:2
**BRAVERMAN'S-** 6:9
14:25 23:18
**BREACH-** 16:5
29:24
**BRIEF-** 20:20
**BROUGHT-** 5:8
10:24 13:24
22:22 29:5 30:23
31:17,21

**BURDEN-** 32:24
**BURY-** 30:12

——————
C
——————

**CALLED-** 12:9
**CAN-** 5:15,22 7:8
9:15 11:1 17:20
19:7 21:21,24
22:1,2,3,4,5,25
23:6 28:4 33:9
**CAN'T-** 7:11 23:17
**CANDIDLY-** 4:23
30:1
**CANNOT-** 33:6
**CAPTION-** 30:5
**CAR-** 7:8
**CARE-** 3:10
**CARRY-** 7:7
**CASE-** 10:11
11:15,20 12:9,10
14:23 17:21
18:24 19:5 20:25
23:18 30:9,17,19,
22,24,25 32:9,15,
16,17
**CASES-** 8:12,17,
22 10:23 16:1
**CATCH-** 6:9,16
26:8
**CAUSE-** 8:2 10:14
11:2,5,7 14:7,14
17:5,19 18:2,16
19:25 20:1 25:14
29:22 30:25 31:4
33:15
**CAUSES-** 11:11
13:7,9 17:25
21:9 27:9
**CENTER-** 27:6
**CENTRAL-** 26:23
**CERTAIN-** 15:13,21
**CERTIFICATE-** 34:8
**CERTIFICATION-**
11:19 24:22
**CERTIFY-** 34:10
**CHANCE-** 6:12
**CHANGE-** 7:22
**CHANGING-** 17:13
**CHAPTER-** 10:9
**CHARACTERIZATION-**
23:15 25:10
29:22
**CHARACTERIZE-**
31:9 32:14
**CHARGED-** 31:25
32:1

**CHASE-** 5:13
**CHERNICOFF-** 14:23
**CHOMPING-** 20:11
**CIRCUIT-** 9:3
32:16
**CIRCUMSTANCES-**
12:12 13:24 15:13
**CLAIM-** 8:9 14:7
16:19 24:3,6,10
30:18 31:1
**CLAIMS-** 7:15
9:21 15:15,18,23
21:12,15,16
23:19 24:14 29:4
**CLEAR-** 5:1 9:16
14:17 27:17,21
29:21 30:22
**CLEARLY-** 19:16
**CLERICAL-** 8:19
**CLIENT'S-** 29:9
**CLIENTS-** 5:7
21:14 22:5 29:5
**CLIENTS'-** 21:12
**CLOSER-** 5:15
**CODE-** 30:11
**COLLATERAL-** 4:19
26:2,6
**COLLATERALIZED-**
7:19 22:20
**COLLATERALLY-**
4:20 21:23
**COLLECTIVELY-**
28:22
**COMING-** 9:6
**COMMENCED-** 11:16
30:17
**COMMENCEMENT-**
30:14,17,19
**COMMENT-** 28:4
**COMMENTS-** 11:22
**COMMON-** 7:18 8:4
15:1,21,22 22:19
29:20 33:19
**COMMONWEALTH-**
21:2
**COMMUNICATION-**
20:18
**COMMUNICATIONS-**
19:6 25:13
**COMPEL-** 10:12
12:16
**COMPELLING-** 12:12
**COMPETENT-** 29:7
**COMPLAINT-** 4:3
5:21,22 6:19,22
8:3 11:10 13:7

16:3 17:3 22:24
23:21 27:2 29:21,
25 31:18
**CONCERN-** 12:23
**CONCERNED-** 31:14
**CONCERNING-**
16:23 25:24 26:1,
3,6
**CONCERNS-** 32:3
**CONCLUDE-** 24:14
**CONCLUSION-** 28:7
**CONCLUSIONS-**
33:24
**CONDONE-** 11:3
**CONDUCT-** 19:10
**CONFESS-** 5:4
21:3 27:15,24
**CONFLICT-** 22:5
**CONNECTION-** 26:1,
5 27:8
**CONSIDER-** 15:14
16:14 29:17
**CONSIDERABLE-**
13:1
**CONSISTENT-** 33:23
**CONSUMER-** 30:25
**CONTACTED-** 14:24
**CONTEMPT-** 32:4
**CONTEND-** 18:3
**CONTINUATION-**
30:14
**CONTINUED-** 20:20
**CONTRACTS-** 25:25
26:5
**CONTROLLED-** 9:25
**CONTROLS-** 9:18,
19 18:22
**COOPERATIVE-**
12:17
**COPY-** 5:20 6:25
**COPYING-** 28:14
**CORPORATIONS-**
24:8
**CORRECT-** 9:7
11:17,18,24 12:4
13:21 16:10 18:7
22:11 24:11
26:12 34:10
**CORRECTLY-** 31:12
**CORRELL-** 3:8
**COUNSEL-** 3:13
5:3,23 19:25
**COUNTS-** 26:24
27:2
**COUNTY-** 4:3,15,
18 6:8 7:10 8:3

9:9,24 10:1,20
11:15 13:21,25
15:2 16:3,17
18:2,19 19:9
21:17 22:22
24:16 29:20 30:5
31:6 33:14
**COUPLE-** 6:5 13:15
**COURSE-** 10:10
23:18 24:13
28:25 30:12
**COURT'S-** 13:14
**COURTESY-** 12:20
**COURTS-** 27:23
**CREATIVE-** 9:13
13:8
**CREDITORS-** 14:24
**CROSS-** 7:19
22:20 29:3
**CROSSED-** 32:7
**CUT-** 5:12 12:3

---
### D
**DAMAGES-** 16:19
**DATE-** 14:5 34:15
**DAVID-** 3:2
**DAY-** 11:13 18:18
19:11 32:12
**DAYS-** 8:20 12:9
20:4 27:20 32:20
**DEAL-** 9:15 19:2
**DEALS-** 12:10
**DEBT-** 23:22 24:9,
15
**DEBTOR-** 4:13
7:25 8:8 10:8,24
11:4,5 13:19,22
14:1,7 18:23
19:10 22:6 24:15
27:1,7 29:6
30:16,18,21,23,
25 31:2 32:20
**DEBTOR'S-** 7:25
9:17 19:10
**DEBTORS-** 9:18
10:3 16:15 18:23
19:4,6 21:3
23:16 24:4
**DECIDE-** 10:16
**DECIDES-** 4:23
**DECISION-** 31:20
**DECLARATORY-**
9:24 16:22
**DEEPENING-** 16:6
29:24
**DEFAULT-** 7:20

10:3 22:21 29:3,4
**DEFAULTED-** 7:19
22:20
**DEFEND-** 21:15
**DEFENDANT-** 10:7
28:11 30:7
**DEFERENCE-** 12:18
31:14
**DEFINED-** 25:23
28:22
**DEFINITELY-** 32:6
**DEFINITIONS-**
28:17
**DELAWARE-** 4:3,15,
18 6:8 7:10 8:3
9:8,23 10:1,20
11:10,15 13:21,
25 15:2 16:2,17
18:2,19 19:8
21:17 22:22
24:16 29:20 30:5
31:6 33:14
**DELIGHTED-** 6:3
**DEMONSTRATING-**
32:24
**DEMUR-** 11:14
**DENIED-** 4:19
**DENY-** 5:6 33:25
**DENYING-** 33:3
**DEPENDENCE-** 27:9
**DERIVATIVE-** 27:2
**DESIRED-** 7:4
**DESPERATELY-**
24:19
**DETERMINATION-**
10:1 13:23 24:19
**DETERMINE-** 10:2
20:1,5 23:8
24:14,18
**DETERMINED-**
18:21 19:11
**DIALOGUE-** 20:20
30:8
**DIDN'T-** 6:15
32:19
**DIFFERENT-** 18:2
21:7
**DIFFICULT-** 7:8
23:14
**DIFFICULTY-** 8:11,
23
**DIG-** 13:6
**DIRECTED-** 19:4
25:12,18 26:15
**DIRECTLY-** 4:10
15:19 20:25 28:20

**DISAGREE-** 24:12
**DISCOVERY-** 7:10
10:13 11:16
12:16 19:1 22:9
24:22 25:8,11
26:10,14 27:4
30:3
**DISPOSE-** 10:17
**DISPUTE-** 26:24
**DISTRICT-** 31:19
**DOCUMENT-** 7:9
**DOCUMENTATION-**
5:1
**DOCUMENTS-** 6:6,
18 26:1,6 28:10,
11,15,24
**DOESN'T-** 5:21
12:14 19:2
**DOMBROWSKI-** 12:9
**DOOR-** 7:18
**DUE-** 5:7 12:18
20:22 21:14 29:8,
9 31:13,25
**DUTIES-** 25:12
**DUTY-** 16:5 29:24

---
### E
**EACH-** 18:18
19:11 28:19
**EARLIER-** 26:14,
21,22
**EASTERN-** 31:18
**EDUCATE-** 6:7
**EFFECT-** 33:18,21
**EFFECTIVELY-**
12:4,23 33:20
**EFFORT-** 20:23
**ELECTRONIC-** 34:11
**EMPLOYMENT-** 30:15
**ENCOURAGE-** 11:4
**ENFORCE-** 21:6
**ENJOIN-** 12:5
29:9 33:20
**ENJOINING-** 33:19
**ENTER-** 8:15 33:23
**ENTERED-** 8:16
10:3 21:13 27:1,7
**ENTERPRISES-** 3:1
**ENTHUSIASM-**
23:18,19
**ENTIRE-** 25:23
26:3
**ENTIRELY-** 17:16
**ENTITIES-** 9:19,
25 13:11,25
18:15 30:14

**ENTITY-** 4:22
**EQUAL-** 23:19
**ERRORS-** 8:19
**ESTATE-** 4:23
7:15 8:4,8 9:21
10:8,15,18 14:3,
13,14 15:1,23
17:19,23 20:7
25:16
**ESTATE'S-** 11:2
**ESTATES-** 24:10
**ESTOPPED-** 4:20
21:23
**ESTOPPEL-** 4:19
**EVERYBODY'S-** 3:17
**EVERYONE-** 27:21
**EVERYTHING-** 16:2
19:5,8 25:13
**EVIDENCE-** 5:2
23:1 28:3
**EXACTLY-** 20:1,5
27:19 29:7
**EXAMPLE-** 25:19
**EXCEPTION-** 28:19
**EXCLUSIVELY-**
4:12 16:18
**EXECUTE-** 21:5
**EXECUTED-** 25:25
26:5
**EXHIBIT-** 6:19,21
7:11 22:8,24
23:23 30:2
**EXHIBITS-** 3:19,
24 5:10,13,20
9:15 22:8
**EXISTED-** 8:25
**EXISTENCE-** 15:22
**EXISTS-** 17:5
**EXPECT-** 6:1
**EXPERIENCE-** 12:19
**EXPIRED-** 27:21
**EXTENT-** 18:12
21:21
**EXUBERANT-** 29:12

---
### F
**FACE-** 5:1
**FACTUAL-** 22:16
**FALSE-** 22:14
**FAN-** 30:23
**FAR-** 14:15 32:7
**FAST-** 9:23
**FAULT-** 22:19
**FAVOR-** 21:23
**FEDERAL-** 12:4,11,
12 31:16 33:25

---

**FEDERALISM-** 12:17 31:13
**FEELS-** 19:17
**FIDUCIARY-** 16:5 29:24
**FIGURE-** 13:17
**FILE-** 17:3,5,21 22:1,2 25:23 26:3
**FILED-** 4:2,3,16 5:20 6:22 8:3 11:19 17:9 24:20, 21,22,23 27:24
**FILES-** 8:18
**FINANCING-** 22:18
**FIND-** 17:20 20:23 21:19 31:5 33:6
**FINDING-** 8:5 10:14 14:10 27:3
**FINDINGS-** 10:12 33:24
**FIRST-** 11:5 14:22 20:21 25:3, 4 26:18 28:23 30:10 33:19
**FISTER-** 12:9
**FLOOR-** 9:22 10:2 19:9 22:18 25:14 26:25 27:3,6
**FORECLOSURE-** 32:18
**FOREGOING-** 34:10
**FORM-** 9:10
**FORMALITY-** 32:7
**FORUM-** 31:14
**FORWARD-** 9:23
**FOUR-COUNT-** 8:3 11:10 16:3 29:21
**FOURTH-** 9:5
**FOX-** 31:20
**FRANK-** 3:8,15 10:9 14:15,19,20 15:4,7,9,17 16:8, 11,25 17:10,12, 15,17 18:7
**FRANKLY-** 33:10
**FRAUDULENT-** 7:20
**FRONT-** 28:10
**FULL-** 20:18
**FULLY-** 11:8 21:22
**FUNDS-** 13:12
**FURTHER-** 28:13 33:15

---
G
---

**GARDEN-** 32:18

**GAVE-** 29:22
**GENERAL-** 32:23
**GENERALLY-** 7:24 8:8 10:23 31:16
**GENTLEMEN-** 34:5
**GET-** 3:20 17:4 31:15
**GIST-** 13:14
**GIVE-** 12:18 18:7 19:5 22:12
**GO-** 13:12 28:16 33:15
**GOING-** 3:16 5:10 8:9 11:3 17:3 18:8 19:9 24:9 28:2 29:22
**GOOD-** 3:2,4,5 5:25 7:5
**GOT-** 6:13
**GRAVAMEN-** 27:5
**GREATER-** 14:1
**GREATEST-** 16:13
**GROSS-** 16:6 29:23
**GROUND-** 20:14,23
**GROUNDS-** 21:7
**GROUP-** 11:1,11 32:15
**GROUPS-** 32:10
**GUARANTEE-** 23:22
**GUARANTEED-** 24:8, 15
**GUARANTEES-** 25:24 26:4
**GUARANTOR-** 13:23
**GUARD-** 6:10,16
**GUESS-** 8:1 20:21 31:5,20 32:12

---
H
---

**HAND-** 12:22
**HANDLE-** 17:1
**HAPPENED-** 14:5 18:14
**HAPPENS-** 8:15 17:25
**HARD-** 12:2
**HARM-** 4:9 9:3,4 20:4,7 32:25 33:1,8,10
**HARRISBURG-** 17:4
**HARRISON-** 3:7
**HASN'T-** 20:10
**HATE-** 10:6
**HAVEN'T-** 6:12,16 14:5
**HE'S-** 20:11

**HEARD-** 18:9 20:16
**HEARING-** 8:20 19:19 32:20 34:7
**HEART-** 17:2
**HELD-** 8:20 31:20
**HERE'S-** 6:25
**HIGH-** 9:2
**HINCHMAN-** 3:6,12, 18,22 5:10,12,17, 19 6:5,12,15,18, 25 7:7,16,17 8:24 9:10 11:24 13:3,4 14:11,12 16:10 18:9 19:21, 22 20:10,12 22:8 23:12 24:1,6,12, 25 25:2,4,6,18, 21 26:10,12,17, 19,22 27:12,13, 17,20 29:14 30:8 34:3,6
**HONEST-** 7:23
**HONOR'S-** 11:22
**HOUSEKEEPING-** 28:1
**HUMBLE-** 21:9
**HYPOTHETICALLY-** 8:7 11:9,23 14:11,18

---
I
---

**IDENTICAL-** 4:17 24:21
**IDENTIFIES-** 28:18
**IE-** 18:14
**ILLUSTRATE-** 27:4, 8
**IMAGINE-** 7:11
**IMMEDIATE-** 9:3
**IMPACT-** 14:1 21:18
**IMPORT-** 24:13
**IMPORTANT-** 3:11 19:1
**IMPORTANTLY-** 13:19
**IMPOSE-** 8:10,14 17:11 24:23 29:18
**IMPOSED-** 18:11, 13,20
**INC-** 3:1 26:15 30:6 34:16
**INDEED-** 22:17
**INDEPENDENT-** 29:5
**INDICATED-** 31:13
**INDIVIDUAL-** 9:18

18:22 20:8 22:5
**INDIVIDUALLY-** 13:13
**INFLECTION-** 30:20
**INFORMATION-** 14:22 17:24
**INITIALLY-** 31:5
**INJUNCTION-** 12:7, 11
**INJUNCTION/ENJOIN - 12:24**
**INJUNCTIVE-** 9:1 11:6 31:10,16 32:2,14,23 33:2,4
**INJURY-** 31:1
**INSOLVENCY-** 16:6 29:24
**INSPECTION-** 28:14
**INSTANCE-** 11:5 18:25
**INTEND-** 5:11
**INTEREST-** 4:13 9:5 19:18 20:19 33:2,18,22
**INTERIM-** 18:20
**INTERJECT-** 5:9
**INTERLOCUTORY-** 11:20 24:22
**INTERPLED-** 19:18
**INTERVENE-** 10:19 12:13
**INVESTIGATE-** 22:17
**IRREPARABLE-** 9:3 32:25
**ISN'T-** 9:6,7 16:15
**ISSUANCE-** 30:15
**ISSUE-** 4:25 5:7 12:2 14:4 18:3 20:24
**ISSUES-** 4:17 10:16 24:21
**IT'S-** 3:14 4:25 7:5,24 8:9,15 9:16 11:2 12:19 13:17,19 19:8 22:7,19 26:9 29:5,20 31:3,11, 22 32:2
**ITEM-** 25:9,11,12

---
J
---

**JOB-** 23:14
**JOIN-** 21:25
**JOINDER-** 17:9

JOINED- 3:16
JUDGE- 10:6
31:20,24 32:17
JUDGES- 12:19
JUDGMENT- 5:4
21:3,9
JUDGMENTS- 21:6,
13 27:15,24
JUDICIAL- 10:15
30:15
JULY- 34:15
JUNCTURE- 10:15

**K**

KLEHR- 3:7
KNOWS- 29:7

**L**

LAPSED- 32:19
LARRY- 15:16
LATER- 3:17 9:15
LAUGHTER- 6:14
LAWRENCE- 3:15
LENDER- 31:1
LESSER- 14:2
LEVEL- 12:22
LIABILITY- 14:2
24:15 31:1
LIGHT- 7:14
LIKELIHOOD-
32:24 33:6
LIMITED- 18:20
LINE- 5:4
LINES- 8:21 16:7
LITIGATED- 21:22
LITIGATION- 17:1
20:8
LOAN- 13:22,23
22:21 23:20,23
25:24 26:1,2,4,6,
7,9,10 28:20
LOANS- 4:10,13,
14 5:5 7:19 9:22
10:2 13:15,20
15:19 19:9 20:24
21:4 22:20 23:16
25:14 26:25 27:1,
4,6 28:18,22,24
29:1
LONG- 3:13
LOOK- 9:23 13:14,
22 19:3 20:13
23:6 30:2 32:12,
13,15
LOOKING- 20:13
23:5

LOSE- 25:6
LOT- 8:12 10:10
16:1

**M**

MAD- 20:14
MAKING- 10:11
14:10 32:8
MANAGED- 30:12
MANY- 19:18 32:3
MARCH- 23:23
MARK- 6:19
MATTER- 3:25 4:1,
4,6 5:11 6:21
9:14 15:15 20:19
21:8 22:25 24:16
28:1 29:2 30:3
34:12
MATTERS- 22:16
MEANINGLESS- 10:4
MEANS- 7:7 11:14
MEETING- 14:24
MEMORY- 12:14
16:13
MERIT- 17:21 23:9
MERITS- 32:25
33:7
MESSED- 22:18
MICROPHONE- 3:11,
14 5:16 23:13
MILLION- 21:4
MISCHARACTERIZING
- 16:12
MISS- 23:17
MISSING- 23:13
MORNING- 3:2,4,5
29:17 32:11 34:5
MORTGAGE- 32:18
MORTGAGES- 4:5
25:25 26:4
MOTION- 3:16
4:19 5:20 8:18,
24 10:12 12:16
17:9,11 22:2
24:23 29:17
31:22 33:3,4 34:1
MOVANT- 8:18 9:4
32:23,25 33:1
MOVE- 8:22
MOVED- 27:15
MOVING- 21:6
31:11
MUCH- 5:18 29:12
MUNDANE- 22:7

**N**

NAMED- 9:8 30:7
NEAR- 3:11,14
NEARING- 28:6
NECESSARILY-
10:25
NECESSARY- 10:16
16:14
NEEDED- 3:17
NEGLIGENCE- 16:5,
6 26:24 27:3
29:23
NEGLIGENT- 7:21
NEITHER- 9:7
NEUTRAL- 33:10
NEVER- 8:25
NEW- 6:21 22:25
30:3
NONCOMPLIANCE-
8:21
NONDEBTOR- 4:7,
10,11,12 5:5
21:1 28:20
NONDEBTORS- 4:7
20:25
NONMOVANT- 9:4
33:1
NOR- 9:8
NORMALLY- 8:14
17:1
NOTE- 14:21 30:5
NOTES- 4:5
NOTIONS- 31:13

**O**

OBJECT- 6:7
OBJECTION- 6:1,
23 7:11 23:4,9
28:2 33:14
OBJECTIONS- 4:16,
17
OBVIOUS- 19:8
OBVIOUSLY- 11:3
21:6 31:10
OCCURRED- 13:8
27:22
OFFER- 5:11
OFFICE- 14:25
17:2 20:17
OFTEN- 30:24
32:15
ONE- 8:22 11:13
15:12 18:1 25:3,
8 28:19 33:12
OPEN- 21:7 27:15

OPERATES- 30:13
OPINION- 21:14
OPPORTUNITY-
22:12 32:8
OPPOSING- 5:23
OPTIONS- 10:10
19:19
ORDER- 6:7 8:15,
16 19:24 32:5,15
33:23
ORDINARY- 12:7
ORIGINAL- 7:20
OTHERWISE- 3:12
13:12
OUTWEIGHS- 33:1
OVERLY- 29:12
OVERRULE- 28:2
OVERRULED- 11:14
OWN- 18:17
OWNED- 4:11

**P**

PARTICULARLY-
32:2
PARTIES- 3:3
4:10,11,12 5:5
9:8 15:20 16:23
21:1 24:18 28:20,
21 32:8 33:9
PARTIES'- 31:25
PARTY- 18:14
19:17,18 30:7
PAUSE- 29:16
PENDENCY- 30:23
PENDING- 5:6
21:1 29:19 31:11
33:11
PENNSYLVANIA-
21:2
PERHAPS- 10:21
PERIOD- 18:20
PERSON- 4:22
PERSONAL- 31:1
PERSPECTIVE-
9:10,16
PERSUASION- 13:2
PERUSED- 30:1
PHRASES- 26:8
PLACE- 8:18
30:11 32:18
PLAINTIFF- 30:7
PLAINTIFF'S- 7:9
25:20 30:3
PLAINTIFFS- 15:1
18:3
PLAN- 9:22 10:2

19:9 22:18 25:14
26:25 27:1,3,6
**PLEADING-** 9:13
13:8
**PLEADINGS-** 4:2
**PLEAS-** 8:4 15:1
29:20
**PO'S-** 24:20
**POINTS-** 23:13
25:1
**POSITION-** 11:9
17:13 18:25 27:11
**POSITIONS-** 18:21
19:11 20:1,8
**PRECISE-** 25:10
**PRECISELY-** 13:17
**PREFER-** 3:13
**PREFERENCE-** 3:14
**PREJUDICE-** 18:23
**PRELIMINARY-**
4:16 33:13
**PREMATURELY-**
18:15
**PREMISE-** 8:11,13
**PREPETITION-**
30:25
**PRESENT-** 3:23
**PREVENTING-** 12:25
**PRINCIPAL'S-** 24:9
**PRIOR-** 5:6 21:1
**PROBABLY-** 9:5
20:14 28:9
**PROBLEM-** 18:18
**PROBLEMS-** 17:2
**PROCEDURALLY-**
20:5
**PROCEED-** 33:13
**PROCEEDED-** 11:15
**PROCEEDINGS-**
12:19 34:11
**PROCESS-** 5:7
13:8 21:14 29:9
30:15 31:25
**PRODUCE-** 28:14
**PRODUCTION-**
28:10,11,24
**PROHIBITED-** 31:6
**PROMISSORY-** 4:5
**PROPER-** 10:13
**PROPERLY-** 14:8
**PROPERTY-** 4:11,
14,23 7:15,25
8:4,7 10:14,18
14:13 15:23
**PROPOSITION-** 13:2
**PROSECUTE-** 31:3

**PROSECUTED-** 14:8
**PROSECUTING-** 8:9
**PROTECTIVE-** 31:24
**PROVISION-** 29:3,4
**PROVISIONS-** 10:3
**PUBLIC-** 9:5 33:2,
18,21
**PURE-** 9:10
**PURPOSES-** 17:17,
23
**PURSUANT-** 33:25
**PURSUE-** 21:15

---

### Q

**QUESTIONED-** 30:8
**QUICKLY-** 30:1
**QUO-** 31:12
**QUOTE-** 31:12

---

### R

**RAISE-** 4:17 5:7
**RAISED-** 4:17,25
31:21,22
**RAISING-** 24:21
**RAMBLINGS-** 33:24
**RATHER-** 22:7
31:22
**RE-** 31:19
**READILY-** 4:1
**REALTY-** 8:17
32:15
**REASON-** 5:2
18:10 19:1
**RECORDING-** 34:11
**RECOVER-** 13:11
30:18
**RECOVERY-** 16:16
**REIMPOSE-** 8:23,
24 32:21 34:1
**REIMPOSED-** 18:11
**REINHART-** 3:3
9:18,25 11:1,11
13:9,24 15:19
18:15,22 25:15
28:21 32:10
**REINHARTS-** 10:21
32:9 33:10
**RELATE-** 15:19
19:9 22:17 28:24,
25
**RELATIONSHIP-**
13:20 27:10
**RELATIVE-** 33:8
**RELEVANCY-** 23:9
**RELIED-** 29:3
**RELIEF-** 8:16,18,

19 9:24 16:22
31:9,10 32:2,13,
14,23 33:2,5
**REMAND-** 18:5
**REMARKS-** 19:23
**REMOVAL-** 18:5
**RENDERED-** 10:3
**REPORTED-** 32:16
**REPRESENTATION-**
27:14
**REPRESENTATIONS-**
13:16
**REPRESENTED-**
9:19 25:15 29:6
32:10
**REQUEST-** 7:10
9:2 10:1 15:10,
11 18:10 25:9,11,
20 26:10 27:4
28:9,11 30:4
32:14,22
**REQUESTED-** 32:13
**REQUESTING-** 31:9
**REQUESTS-** 19:1,3
22:9 26:15 28:23
**REQUIRE-** 19:24
**REQUIRED-** 28:14
**RESOLVABLE-** 4:1
**RESPECT-** 4:21
5:7 12:6 20:22
21:16 22:7,17
29:8,18
**RESPECTFULLY-**
19:22 23:19
**RESPECTIVE-** 28:15
**RESPOND-** 22:13
**RESPONSE-** 15:2
**RESPONSIBILITIES-**
25:13
**RESTRAINT-** 10:16
**RESULT-** 9:13
**RETAIN-** 19:25
**RETAINED-** 20:10
**RETURN-** 12:20
**RIGHTS-** 21:14
29:9 31:25 33:13
**ROOKER-FELDMAN-**
12:22
**ROSENN-** 32:17
**RULE-** 31:17 33:25
**RULES-** 21:2

---

### S

**SCHEDULES-** 9:17,
20 14:24 25:15
**SCHOOL-** 12:8

**SEATED-** 3:13
**SECOND-** 25:8 28:5
**SECURED-** 4:11
**SECURES-** 4:14
**SECURING-** 26:2,7
**SECURITY-** 25:25
26:4
**SEE-** 6:3 10:8
11:6 14:25 30:24
**SEEING-** 16:14
26:16,18
**SEEK-** 5:6 20:6
22:16
**SEEKING-** 8:10
9:25 16:19,22
**SEEMING-** 14:21
**SEES-** 28:23
**SEPTEMBER-** 13:22
23:20
**SERIES-** 28:18
**SERVE-** 12:14
**SERVICE-** 32:3,7
**SET-** 26:23
**SEVEN-** 4:7,10,11,
12 21:1,3
**SHECTMAN-** 15:7
**SHED-** 7:14
**SIMPLE-** 30:24
**SIMPLY-** 4:6
**SIT-** 3:19
**SITUATION-** 14:16
**SOLELY-** 11:11
**SOLVENT-** 10:7
**SOUGHT-** 16:16
32:20
**SOUND-** 34:11
**SOUNDED-** 20:16
**SOUNDS-** 20:15
**SPECIFICALLY-**
12:10
**SPOKEN-** 6:16
20:17
**STAGE-** 11:16
33:14
**STAND-** 3:11 5:15
**STANDARD-** 9:2
**STANDARDS-** 12:7
32:23 33:3
**STANDING-** 3:13
**STARTING-** 28:17
**STATE-** 4:4,8,9,
15,18 11:13 12:5,
10,11,18,19,25
13:10 19:19
21:17 22:22
24:20 29:9,19,25

31:11,14 33:12,20
**STATEMENTS-** 9:17,
20 25:16
**STATUS-** 31:11,12
**STAY-** 3:17 7:24
8:10,13,18,19,20,
23,25 10:6 11:4,
7 12:24 17:11
18:11,12,19 24:5,
11,24 29:18 30:9,
13 31:6 32:18,19,
21 34:1
**STAYED-** 19:20
**STAYS-** 10:23
**STICK-** 14:21
**STOP-** 22:1 23:25
**STOPPED-** 19:20
30:10
**STOPS-** 8:8
**STRIKE-** 21:7
27:15
**STRONGEST-** 8:1
**STRUCTURE-** 13:15
**SUBJECTING-** 32:4
**SUBPARTS-** 25:12
**SUBSECTION-** 30:21
**SUBSTANCE-** 32:13
**SUBSTANTIAL-**
32:24 33:6
**SUBSTITUTED-**
19:17
**SUCCESS-** 32:25
33:7
**SUDDENLY-** 15:23
**SUED-** 4:7
**SUIT-** 17:21
**SUMMONS-** 31:18
**SUPPOSE-** 27:23
33:8
**SUPREME-** 12:10
**SURELY-** 3:21
**SUSQUEHANNA-** 3:6,
8,16 4:8 6:19,21
7:20 8:2 9:21
10:7,20 16:16
17:6,22 21:10,19
22:15,24,25 24:3,
10,18 25:23
26:13,25 28:2,12
29:18 30:2,10
31:9 33:4
**SUSQUEHANNA'S-**
17:9 18:25 19:10
24:6

---
T
---

**T'S-** 32:7
**TABLE-** 3:19
**TANGENTIAL-** 33:21
**TEN-** 21:3
**TERM-** 11:1 12:23,
24 25:23
**TERMINATED-** 8:21
**TESTIMONY-** 5:11
**THANKS-** 7:2
**THIRD-** 7:9 9:3
27:12,13 32:16
**THREE-** 3:1 9:8
16:20 19:4 21:9
22:10 23:12
24:25 26:3,9,15
30:6
**THREE-QUARTERS-**
19:3
**THROW-** 7:22
**TIME-** 8:21 10:12
12:2,21 18:4,20
19:24 20:20
22:23 29:12
**TITLE-** 30:18,19
**TODAY-** 4:21
17:17 27:22
**TOWARDS-** 19:4
**TRACK-** 25:6,7
**TRACKS-** 19:20
**TRANSCRIPT-** 34:10
**TRANSCRIPTS-**
34:16
**TRANSMOGRIFY-**
15:23
**TRAVELERS-** 10:23
**TREAT-** 33:4,8,9,
24
**TRIES-** 31:24
**TRUSTEE-** 3:15
10:9,19 14:4,9,
23 17:2 18:16
19:12,14,16,24
20:5,15 21:18,21,
23,25 29:6 31:2,3
**TRUSTEE'S-** 21:16
**TWICE-** 30:21
**TWO-** 9:15 15:13
17:25 25:24

---
U
---

**ULTIMATELY-** 13:23
**UNDERSTANDING-**
7:23
**UNFORTUNATELY-**
8:19
**UNLAWFULLY-** 21:13
**UNLESS-** 3:17
**UNSECURED-** 24:9
**UNTIMELY-** 27:25
**UNUSUAL-** 12:12
**UNWISE-** 28:9
**USING-** 12:24

---
V
---

**VALID-** 17:5 33:14
**VARIETY-** 21:7
32:18
**VERSUS-** 12:9
**VIEW-** 31:10
**VIOLATE-** 33:2
**VIOLATING-** 32:5
**VIOLATION-** 21:1
29:8
**VOLUMINOUS-** 5:23

---
W
---

**WAITING-** 20:4
**WANTS-** 20:15
21:25 22:3
**WASN'T-** 14:10
31:21,22
**WE'RE-** 7:3 21:6
27:16 28:6 31:25
**WEDGEWOOD-** 8:17
32:15,22
**WELCOME-** 5:3
**WHATSOEVER-** 6:2
7:14 16:21 21:18
**WHEREUPON-** 34:7
**WILL-** 3:19 13:11,
25 17:21 19:24
21:17 24:14,17
25:6 27:19 32:12,
13 33:23,25
**WILLIAMS-** 31:19
**WON'T-** 3:12
**WORK-** 11:13
**WORTH-** 21:4
**WOULDN'T-** 10:18
**WRESTLE-** 13:16

---
Y
---

**YESTERDAY-** 6:9,11
**YOU'D-** 20:14
**YOU'LL-** 27:23
**YOU'RE-** 8:10
10:24,25 11:23
32:4